J-S53033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TINA M. CRISAFI | |
| Appellant | No. 1789 MDA 2015 |

Appeal from the Judgment of Sentence September 22, 2015
in the Court of Common Pleas of Luzerne County Criminal Division
at No(s): CP-40-CR-0004125-2014

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 24, 2016**

Appellant, Tina M. Crisafi, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas following her convictions for driving under the influence ("DUI"),[1] and DUI, high rate of alcohol.[2] Appellant's counsel, John A. Donovan, Jr., Esq. ("Counsel"), has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We deny the petition to withdraw and direct counsel to either amend his **Anders** brief in compliance with **Santiago** or file an advocate's brief.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802(b).

On July 18, 2014, Appellant was arrested on charges of DUI, general impairment, and DUI, high rate of alcohol. Criminal Compl., 7/18/14, at 2. On April 28, 2015, a jury trial commenced. The Commonwealth presented Officer Jason Dudick of the Wilkes-Barre Police Department as its sole witness. Officer Dudick testified that while on patrol, he responded to a call reporting two females fighting in the middle of the road on Madison Street. N.T. Trial, 4/28/15, at 13-14. When he arrived on the scene, he found a green Ford Explorer station wagon stopped in the middle of the road with Appellant sitting inside. *Id.* at 14. As Officer Dudick approached the car, the car "veered to the right, and the front passenger tire struck the curb." *Id.* at 15. Officer Dudick testified that as soon as the car struck the curb, Appellant exited the vehicle. *Id.* at 15. For Appellant's own safety, Officer Dudick then ordered her to return to her car, and she complied. *Id.*

Officer Dudick testified that upon making contact with Appellant, he "noticed that she had the bloodshot eyes. She smelled of an alcoholic beverage. And then once she did exit the vehicle, she was stumbling." *Id.* at 16. Officer Dudick then took Appellant into custody on suspicion of DUI, and transported her to the Wilkes-Barre City Police Headquarters. *Id.* at 18. The parties stipulated to the fact that Appellant submitted to a breathalyzer test, which returned a result of .137 BAC. *Id.* at 27-28.

Appellant testified on her own behalf, explaining that she lent her car to her friend Teodoro "Tolo" Amigon on July 17, 2014. *Id.* at 32. That

- 2 -

evening, her friends drove her to and from a bar where she consumed five to six glasses of wine. *Id.* at 33. Upon returning home, she noticed that Mr. Amigon had not returned the car as he said he would. *Id.* at 34. Sometime between 12:00 a.m. and 1:00 a.m. on the morning of July 18, 2015, she called her husband and asked him to drive her to Mr. Amigon's house. *Id.* Her husband dropped her off at Mr. Amigon's house and left. *Id.* at 35. Once there, Mr. Amigon explained that after driving the car to run errands, he started to drink and for that reason did not drive the car back to Appellant's house. *Id.*

At some point during the conversation, Mr. Amigon's girlfriend exited the house and fought with Appellant. *Id.* Appellant testified that after the two struck one another, Mr. Amigon separated them and instructed Appellant to go cool off in her car. *Id.* Appellant then called her husband to ask him to pick her up and take her home. *Id.* While she was sitting in the car, the police approached, having been called by a neighbor during the fight. *Id.* at 36-37. She explained to the officer who arrived that she had been drinking and that she had no intention to drive. *Id.* at 40. Appellant testified that throughout this ordeal, Mr. Amigon maintained possession of the car keys. *Id.* at 36, 40.

Appellant's husband, James Crisafi, corroborated much of Appellant's testimony, adding that when he returned to Mr. Amigon's house to pick up Appellant, she and the car were gone. *Id.* at 50. Teodoro Amigon was

called as the final witness for the defense, and he testified to a similar account of the night's events as Appellant. *Id.* at 55-62.

The jury found Appellant guilty on April 28, 2015, and Appellant was sentenced on September 22, 2015. Appellant did not file a post-sentence motion, and timely filed the instant appeal on October 8, 2015. On December 1, 2015, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement. That same day, Counsel notified the court of his intent to withdraw pursuant to *Anders* and *Santiago*. On December 8, 2015, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion. On April 11, 2016, Counsel submitted both his petition to withdraw appearance as counsel and an *Anders* brief.

Counsel in the *Anders* brief raises the following question before this Court:

> Whether the Commonwealth failed to present evidence sufficient to prove beyond a reasonable doubt that [Appellant] was guilty of one count of driving under the influence, general impairment, incapable of driving safely, 3rd offense pursuant to 75 Pa.C.S. § 3802 (a)(1), and one count of driving under the influence, high rate of alcohol pursuant to 75 Pa.C.S. § 3802 (b)?

*Anders* Brief at 1.

"As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we review counsel's petition to withdraw at the outset." *Commonwealth v. Zeigler*, 112 A.3d 656, 659 (Pa. Super. 2015) (citation omitted). In requesting withdrawal:

- 4 -

> [c]ounsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments [*pro se*] that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette****,* 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

Regarding the instant petition to withdraw, we conclude that Counsel has properly complied with the requirements. ***Id.*** at 1032. Counsel has stated that he made a conscientious examination of the record. ***See*** Pet. to Withdraw, 4/11/16, at 1 (unpaginated). In addition, Counsel has provided a copy of the brief to Appellant, advised her of her rights to retain private counsel or proceed *pro se*, and to raise any additional points with this Court that Appellant may deem worthy of our attention. ***Id.*** at 3-4. Accordingly, Counsel's petition to withdraw is technically compliant, and we proceed to a review of Counsel's ***Anders*** brief.

Our Supreme Court in ***Santiago*** has set forth the requirements for the content of an ***Anders*** brief:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

- 5 -

record, controlling case law, and/or statutes on point that
have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.   The *Santiago* Court stressed in particular the

importance of its last requirement, which departed from the previous

standard set forth in *Commonwealth v. McClendon*, 434 A.2d 1185, 1187

(Pa. 1981) (holding that an *Anders* brief must state counsel's conclusion

that the appeal is "wholly frivolous").   *See also Commonwealth v.*

*Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007) (noting that "[a] proper

*Anders* brief does not explain why the issues are frivolous . . . Rather, the

brief articulates the issues in neutral form . . . . and concludes that, after a

thorough review of the record, the appeal is wholly frivolous.").   In

*Santiago*, the Court explained:

> As the United States Supreme Court has noted, the task of
> articulating reasons [for concluding an appeal is wholly
> frivolous] can shed new light on what may at first appear
> to be an open-and-shut issue.   It can also reveal to
> counsel previously unrecognized aspects of the record or
> the law and thereby provide a safeguard against a hastily-
> drawn or mistaken conclusion of frivolity.   In addition, we
> believe that it is often the case that the basis for an
> attorney's opinion that an appeal is frivolous is not readily
> apparent, and that accordingly, counsel's explanation will
> significantly assist the courts in passing upon the
> soundness of counsel's conclusion, which, in turn,
> vindicates the right to counsel.

*Santiago*, 978 A.2d at 360-61 (citations omitted).

This Court has emphasized the caution which counsel should exercise

in determining an appeal to be wholly frivolous: "an appointed counsel

should advance the best argument [that he] is capable of constructing and

- 6 -

allow the appellate court to make the ultimate determination that the argument lacks merit." ***Commonwealth v. Orellana***, 86 A.3d 877, 882 (Pa. Super. 2014) (citation and emphasis omitted). Such due diligence is particularly significant in the context of an ***Anders*** brief. For only after counsel has met the above requirements, does "it then become[] the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly **frivolous**." ***Santiago***, 978 A.2d at 354 n.5 (citation omitted and emphasis added).

We find that counsel's ***Anders*** brief fails to satisfy these standards. Counsel sets forth Appellant's argument in a single sentence:

> Ms. Crisafi argues that the Commonwealth failed to present evidence sufficient to prove beyond a reasonable doubt that she was guilty of one count of driving under the influence, general impairment, incapable of driving safely, 3rd offense pursuant to 75 Pa.C.S. § 3802 (a)(1), and one count of driving under the influence, high rate of alcohol pursuant to 75 Pa.C.S. § 3802 (b).

***Anders*** Brief at 6. Further, Counsel does not provide any support from the record for this argument whatsoever. ***See Santiago*** 978 A.2d at 360-61. Instead, Counsel provides two sentences describing the statutes under which Appellant was sentenced. ***Anders*** Brief at 6. Likewise, Counsel lists only two reasons for which he believes the appeal is wholly frivolous, but does not support those conclusions in any way. ***Id.*** at 7. He merely states that taken in the light most favorable to the Commonwealth, sufficient evidence

supported Appellant's conviction and that the issue of witness credibility was properly determined by the fact finder. *Id.* These general statements are not supported by any reference to facts in the record. *See Santiago* 978 A.2d at 360-61. Accordingly, Counsel has thirty days to either file an amended *Anders* brief that complies with the requirements set forth in *Santiago* or file an advocate's brief should Counsel revise his opinion upon further review.

Counsel's petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.